Joe PENA, on his behalf and on behalf of all others similarly situated, namely those children confined to and paroled from the Training Schools in the State of New York, Plaintiffs-Appellees,

v.

NEW YORK STATE DIVISION FOR YOUTH; Frank Shaughnessy, Superintendent, Brookwood Annex to the Hudson State Training School for Girls; A. Alfred Cohen, Superintendent, Warwick State Training School for Boys; Benjamin J. Hill, Superintendent, Otisville State Training School for Boys; Sidney Zirin, Superintendent, Tryon School for Boys; John E. Costello, Superintendent, State Agricultural and Industrial

---

School; Thomas E. Tunney, Superintendent, New York State Training School for Girls; Harold R. Bissett, Director, Troy Branch of the Girls' Training School; Frederick S. Appleton, Superintendent, Highland Training School for Children; Joseph B. Robinson, Director, Overbrook Center for Children; Frederick R. Allen, Director, South Kortright Branch of the Boys' Training Schools and Norman Catlett, Director, Annex of the Boys' Training Schools, Defendants-Appellants.

No. 1077, Docket 82–7876.

United States Court of Appeals, Second Circuit.

Argued April 18, 1983.

Decided May 25, 1983.

As Corrected May 31, 1983.

Howard L. Zwickel, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of N.Y., George D. Zuckerman, Asst. Sol. Gen., Amy Juliver, Asst. Atty. Gen., New York City, of counsel), for defendants-appellants.

Henry S. Weintraub, New York City (Lenore Gittis, The Legal Aid Soc. Juvenile Rights Div., Steven G. Asin, Janet R. Fink, New York City, of counsel), for plaintiffs-appellees.

Before LUMBARD, WINTER and PRATT, Circuit Judges.

PER CURIAM:

The New York State Division for Youth ("DFY") appeals from Chief Judge Motley's order granting plaintiffs' motion to enforce the terms of a stipulation executed by the parties in 1976 and denying DFY's motion to clarify the stipulation.

This appeal arises from a class action instituted in November 1970 by the plaintiff Pena, who was civilly adjudicated a juvenile delinquent in 1964 and was transferred in 1968 to the Goshen Annex for Boys, a maximum security training school. Pena alleged that because he was detained through a civil adjudication and thus without the due process protections which attend criminal proceedings, he was entitled to rehabilitative treatment. He also claimed that the use of solitary confinement

and physical restraints at Goshen violated the eighth and fourteenth amendments.

The case was originally assigned to Judge Lasker who ruled that the use of solitary confinement at Goshen violated the eighth and fourteenth amendments. *Lollis v. Department of Social Services,* 322 F.Supp. 473 (S.D.N.Y.1970). In 1972, the case was assigned to Judge Motley who held that New York State regulations concerning room confinement and the use of physical and medical (thorazine or other tranquilizing drugs) restraints were minimal constitutional standards which must be observed by the school and enjoined DFY from violating those regulations. Additionally, she articulated standards regarding the use of isolation, recordkeeping and reviews of isolation, and the use of physical and medical restraints including handcuffing, footbinding and intramuscular injections of thorazine. *Pena v. New York State Division for Youth,* 419 F.Supp. 203, 210–11 (S.D.N.Y.1976). Finally, she held that "[b]oys confined to the Goshen Annex under the juvenile justice system ... have a constitutional right to rehabilitative treatment under the Fourteenth Amendment."

Six months later, on September 2, 1976, the parties signed a stipulation, entered as a court order by Judge Motley, for monitoring room confinement at Goshen. The stipulation required that whenever "a youth" was confined, a report had to be submitted to a subcommittee of three persons empowered to monitor the implementation of room confinement regulations and the district court's judgment. This subcommittee was authorized to have access to all materials pertaining to any incident of confinement in DFY's files.

At the time Pena's action was brought, Goshen and other state training schools were used primarily to confine children between the ages of seven and sixteen who had been civilly adjudicated as Persons in Need of Supervision or Juvenile Delinquents pursuant to sections 711 and 712 of the New York Family Court Act. N.Y. Fam.Ct. Act §§ 711–712 (McKinney 1975) (current version at N.Y.Fam.Ct. Act §§ 711–712 (McKinney Supp. Pamph. 1976–82). Under the Act, a Juvenile Delinquent was any person between the ages of seven and sixteen "who does any act which, if done by an adult, would constitute a crime." *Id.* § 712. The Act did not distinguish between youths who had committed serious, violent crimes and those who had committed less serious offenses; all youths were thus subject to the same civil adjudicatory procedures and dispositional alternatives.

On July 26, 1976, shortly before the parties executed the September stipulation, the Juvenile Justice Reform Act of 1976 was enacted by the State Legislature. N.Y. Fam.Ct. Act §§ 254–a; 712(h), (i), and (k); 748(c); 749(d); 750(3), (4); 753; 753–a; 760(2); 764 (McKinney Supp.Pamph.1976–82) (effective date Feb. 1, 1977). The Designated Felony Act, as the new law was called, provided a special procedure for fourteen and fifteen year old juveniles charged with committing serious violent crimes such as murder, manslaughter, kidnapping, arson, rape, sodomy, assault, robbery, attempted murder or kidnapping. The law established minimum fixed periods of time during which the designated felony offender must be removed from the community and provided with intensive rehabilitative services in a secure DFY facility, such as Goshen.

In 1978, the Legislature enacted the Juvenile Justice Reform Amendments of 1978, which expanded the 1976 act to include thirteen year olds and additional designated felonies. N.Y.Fam.Ct. Act § 712(h) (McKinney Supp.Pamph.1976–82) (effective date Sept. 1, 1978). A recidivist provision was also added which allowed the restrictive placement of any youth between the ages of seven to sixteen who was found to have committed a third felony. *Id.* In addition, the period of confinement was increased and DFY was given the authority to extend the period of secure confinement beyond the minimum period set by the Family Court. *Id.* §§ 753–a(3)(a)(ii), 753–a(6).

At the same time, the Legislature also enacted the Juvenile Offender Law. This

statute provided that thirteen, fourteen and fifteen year old youths charged with certain criminal acts, all of which were designated felonies under the 1976 law, could be charged, indicted, and prosecuted in adult criminal courts. N.Y.Penal Law §§ 10.-00(18), 30.00(2) (McKinney Supp.Pamph. 1982–83) (effective date Sept. 1, 1978). Upon conviction, a Juvenile Offender must, like a Juvenile Delinquent found to have committed a designated felony by the Family Court, serve a sentence of imprisonment in a secure facility, such as Goshen, subject to certain exceptions. *Id.* § 70.20(4); N.Y. Exec.Law § 515–b (McKinney 1982).

From September, 1976 through December, 1981, DFY treated the stipulation as applicable to all youths at Goshen regardless of whether they were classified as Juvenile Delinquents or Juvenile Offenders. However, on December 29, 1981, DFY announced that it would no longer comply with the Goshen stipulation in the case of Juvenile Offenders because "the Division has come to the conclusion that the *Pena* order and stipulations do not apply to these youth." Plaintiffs moved to enforce the stipulation as applicable to Juvenile Offenders while DFY moved for a clarification stating that the stipulation was inapplicable. Judge Motley held that the stipulation was intended by the parties to apply to all youth at Goshen, regardless of their legal classification under New York juvenile laws.

Since the parties could not forsee changes in the New York juvenile law or in the criminality of the predominant number of youths confined at Goshen, no explicit intent as to Juvenile Offenders existed at the time of the stipulation. Nor are we able, on the sparse record before us, to determine whether the constitutional claims made by the original plaintiffs are applicable to Juvenile Offenders confined as a result of a formal criminal adjudication. Since the order literally includes all youth at Goshen, however, we affirm Judge Motley but without prejudice to DFY's moving for its modification in the district court. Sensitive issues of federalism are present, since the stipulation in question is in effect an extension of federal judicial authority into the daily operations of a state agency. For that reason, the court ordered stipulation should be treated as though it were an injunction which had issued from the district court. In considering a motion for modification, the district court should be guided by our recent decision in *New York State Association for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 965–72, (1983) and take into account all of the circumstances relating to the appropriateness of continuing this court ordered stipulation.